ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 JAN 30 P 12: 18
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| WALTER C. RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-075 |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On October 30, 2013, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms, and ordered him to amend his complaint using the standard form complaint used by incarcerated litigants in the Southern District of Georgia, which was attached to the Court's Order. (Doc. no. 4.) The Court warned Plaintiff that failure to comply with the terms of the October 30th Order within thirty days would result in a recommendation to the presiding District Judge that this case be dismissed without prejudice. (Id.) The Court again warned Plaintiff that he must amend his complaint in its Order dated

November 26, 2013. (Doc. no. 7, p. 1 n.1.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's October 30th Order.[1]

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty.

---

[1] In its November 26th Order, the Court ordered Plaintiff to pay an initial partial filing fee of $5.93 within thirty days. (Doc. no. 7.) Because the filing fee has not been submitted, the Court **DIRECTS** the **CLERK** to serve a copy of this Report and Recommendation, with this footnote flagged, on Plaintiff's custodian at Wheeler Correctional Facility, as well as a copy of the Court's November 26th Order. The Court expects that prison officials will expeditiously process the payment of the filing fee from Plaintiff's trust account if sufficient funds are available.

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Court ordered Plaintiff to amend his complaint within thirty days of its October 30th Order, and warned him that, in the event he failed to do so, it would recommend dismissal of his case without prejudice. (See doc. no. 4, pp. 4-7; doc. no. 7, p. 1 n.1.) Plaintiff's failure to comply with the terms of the Court's Order, or to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff was previously proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, as noted above, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 30th day of January, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE