ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WALTER C. RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-075 |
| | ) |
| CORRECTIONS CORPORATION OF | ) |
| AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. The Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to comply with the terms of an Order dated October 30, 2013, in which Plaintiff was ordered to submit an amended complaint within thirty days due to pleading deficiencies. (See doc. no. 4; doc. no. 7 n.1.) In lieu of objections, Plaintiff submitted an amended complaint, dated February 5, 2014, but provided no explanation for his untimeliness. (Doc. no. 10.)

Moreover, Plaintiff filed the amended complaint on the standard form for incarcerated litigants in the Southern District of Georgia, which requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed *in forma pauperis* in any such

lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. Under penalty of perjury, Plaintiff did not disclose any prior lawsuits in his amended complaint. (Id. at 2-3.) However, the Court is aware of at least two other § 1983 cases that Plaintiff previously filed in federal court. See Richardson v. Georgia Dep't of Corr., et al., 3:02-cv-00010 (S.D. Ga. Jan. 5, 2004); Richardson v. Gaither, et al., 5:96-cv-00092 (S.D. Ga. Sept. 22, 1998). Thus, Plaintiff provided false information about his prior filing history in his amended complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).

Because Plaintiff provided blatantly dishonest answers in his amended complaint, this case is subject to dismissal for abuse of the judicial process in addition to failure to comply with Court orders.

In short, Plaintiff's untimely amended complaint is exhibitive of his persistent non-compliance with Court Orders, and it therefore provides no basis for deviation from the Magistrate Judge's recommendation that the instant case be dismissed for that very reason. Accordingly, the Magistrate Judge's R&R is **ADOPTED** as the opinion of the Court as modified herein. Therefore, this action is **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this 4th day of March, 2014, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

3